UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Russell Pahl and Wayde R. Pahl,

                    Plaintiffs,

    vs.

Roger Olds and Ron Saba,

                    Defendants.            Civ. No. 06-4744 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion to Substitute and Dismiss of the Defendant Ron Saba ("Saba").  At the time of the Hearing,  the Plaintiffs made no appearance, and Saba appeared by Mary L. Trippler, Esq.   For reasons which follow, we recommend that Saba's Motion be granted, that the action against Saba be dismissed,

and that the remaining claims against the Defendant Roger Olds ("Olds"), who has made no appearance here, and who is not represented by the United States, be remanded to the Minnesota State Court from which they came.[1]

## II.  Factual and Procedural Background

This action arises out of a Complaint which was filed on October 24, 2006, in the Minnesota District Court for the Ninth Judicial District, at Cass County, Minnesota, by the Plaintiffs Russell Pahl, and Wayde R. Pahl, and which alleges that Olds and Saba committed tortious and other wrongful acts when they assertedly interfered with the Plaintiffs' enjoyment of their private property by "physically disturbing the soil on Plaintiffs' easement."   The Plaintiffs seek monetary damages, and injunctive relief. See, Complaint, Docket No. 1-1.  The Defendants removed the case to this Court on

---

[1]The Plaintiffs' claims against Olds are not implicated in Saba's Motion to Substitute, and to Dismiss.

December 4, 2006, pursuant to Title 28 U.S.C. §§1441, 1446, and 2679(d)(2).[2]  See,

Docket No. 1.

On January 10, 2007, Saba filed a Motion to Substitute the United States for

him, as a Defendant, and thereafter, to Dismiss the Plaintiffs' Complaint for lack of

subject matter jurisdiction.  See, Docket No. 9.  The Plaintiffs have not filed any

response to that Motion, nor did they make any appearance at the Hearing on the

Motion.[3]

---

[2]Section 1441 is the general statute which authorizes State Court actions, of particular types, to be removed to Federal Court, while Section 1446 addresses the procedures by which the removal is effected.  As here pertinent, Section 2679(d)(2) provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

[3]Both the Defendants, and the Court, have had difficulty in contacting counsel for the Plaintiffs, since the e-mail address, that he provided on the docket of this action, appears to be invalid.  Given that circumstance, the Defendants submitted a Certificate of Service which attests that a copy of their Motion, Notice of the Motion, Memorandum in Support, and Declaration in Support, were transmitted to the Plaintiffs on January 11, 2007.  See, Docket No. 14.  On February 5, 2007, the Clerk's

III.  <u>Discussion</u>

A.    <u>The Defendant's Motion to Substitute the United States as a Defendant</u>.

"Saba is an employee of the U.S. Postal Service, a federal agency," see <u>Notice of Removal, Docket No. 1-1</u>, at p. 1, and the United States Attorney, for the District of Minnesota, has certified that Saba "was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint."  See, <u>Certification, Docket No. 8-1</u>.  Since the Plaintiffs' Complaint alleges tortious acts against Saba, we review the pending Motion to Substitute, and to Dismiss, under the standard applicable to actions under the Federal Tort Claims Act, <u>Title 28 U.S.C. §§2671, et seq.</u> ("FTCA").

1.    <u>Standard of Review</u>.  The FTCA  is a limited waiver of sovereign immunity that authorizes private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the complainant in accordance with the law of the place where the act or omission occurred."  <u>United States v. Olson</u>, 546 U.S. 43, 43 (2005), citing <u>Title 28 U.S.C.</u>

Office likewise mailed a copy of the Order which referred the Motion, and a Notice of Electronic Filing, to the address that had been provided by the Plaintiffs' attorney.

§1346(b)(1); Sosa v. Alvarez-Machain, 542 U.S. 692, 699 (2004)("The FTCA 'was

designed primarily to remove the sovereign immunity of the United States from suits

in tort, and with certain specific exceptions, to render the Government liable in tort as

a private individual would be under like circumstances.'"), citing and quoting,

Richards v. United States, 369 U.S. 1, 6 (1962), and Title 28 U.S.C. §2674; Barnes

v. United States, 448 F.3d 1065, 1066 (8th Cir. 2006); Benter v. United States, 2006

WL 3759756 at *1 (D. Minn., December 1, 2006).

Under the FTCA, the Federal Government may be sued for the negligent or

wrongful action of "any employee of the government while acting within the scope of

his office or employment" under circumstances in which the United States would be

liable were it a private employer. See, Title 28 U.S.C. §§1346(b), and 2674; St. John

v. United States, 240 F.3d 671, 676 (8th Cir. 2000); see also, Primeaux v. United

States, 181 F.3d 876, 880 n. 4 (8th Cir. 1999), cert. denied, 528 U.S. 1154 (2000);

Anthony v. Runyon, 76 F.3d 210, 212-13 (8th Cir. 1996).

Title 28 U.S.C. §2679(d)(1) establishes that if an action is commenced against

an individual employee of a Federal agency, rather than against the United States, the

Attorney General is charged with making the initial determination of whether that

employee was acting within the scope of his employment, see, Heuton v. Anderson,

75 F.3d 357, 359-60 (8th Cir. 1996), and the United States may be substituted for the named defendant based upon a scope of employment certification by the Attorney General.  See, Osborne v. Haley, --- U.S. ---, 127 S.Ct. 881, 894 (2007); Smith v. Wintersteen, 97 Fed.Appx. 69, 69 (8th Cir. 2004); Larsen v. Frederiksen, 277 F.3d 1040, 1041 (8th Cir. 2002); Lawson v. United States, 103 F.3d 59, 60 (8th Cir. 1996).

The certification by the Attorney General, that the employee was acting within the scope of his employment, "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee," see, McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995), as our Court of Appeals requires "at least limited judicial review of the * * * scope of employment before substituting the United States as a defendant."  See, Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 (8th Cir. 1992); see also, McAdams v. Reno, supra, citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 436 (1995), and Brown v. Armstrong, 949 F.2d 1007, 1011 (8th Cir. 1991).  Thus, certification is prima facie evidence that the challenged conduct was within the scope of employment, and a plaintiff must come forward with specific facts to rebut the certification, and to establish that the employee was not acting within the scope of his Federal employment.

See, McAdams v. Reno, supra at 1145; Anthony v. Runyon, supra at 214-15; Heuton v. Anderson, supra at 360; Lawson v. United States, supra at 60.

The determination that a Federal employee acted "within the scope of his office or employment," under Section 2671, is governed by the applicable State law of respondeat superior. See, St. John v. United States, 240 F.3d 671, 676 (8th Cir. 2001); Primeaux v. United States, 181 F.3d 876, 882 n. 1 (8th Cir. 1999)[listing cases], cert. denied, 528 U.S. 1154 (2000); Walsh v. United States, 31 F.3d 696, 699 (8th Cir. 1994); Forrest City Mach. Works, Inc. v. United States, supra at 1088 n. 5.   In Minnesota, in cases asserting an intentional tort, an employee acts within the scope of his employment when "he is performing services for which he has been employed or while he is doing anything which is reasonably incidental to this employment." McAdams v. Reno, supra at 1145, quoting Marston v. Minneapolis Clinic of Psychiatry and Neurology, 329 N.W.2d 306, 312 (Minn. 1982).  Therefore, in order to find that an intentional tort was within the scope of employment, the tort must have taken place within the work-related limits of time and place, and must have been related to the employee's duties. See, Hagen v. Burmeister & Assoc., 633 N.W.2d 497, 504 (Minn. 2001), citing Lange v. Nat'l Biscuit Co., 211 N.W.2d 783, 786 (Minn. 1973).

Where negligent tortious acts are also alleged, "[f]actors to consider in determining whether the negligent acts occurred in the scope of employment, include whether "(1) the conduct was to some degree in the furtherance of the employer's interests, (2) the employee was authorized to perform the type of conduct, (3) the conduct occurred substantially within time and space restrictions, and (4) the employer should reasonably have foreseen the conduct." Snilsberg v. Lake Washington Club, 614 N.W.2d 738, 745 (Minn.App. 2000), citing Hentges v. Thomford, 569 N.W.2d 424, 427 (Minn.App. 1997); see also, Red Lake Band of Chippewa Indians v. United States, 800 F.2d 1187, 1197 n. 4 (8th Cir. 1986), citing and quoting, Edgewater Motels, Inc. v. Gatzke, 277 N.W.2d 11, 15 (Minn. 1979); Grozdanich v. Leisure Hills Health Center, Inc., 25 F. Supp.2d 953, 983 (D. Minn. 1998). Since the Certification, that Saba was acting in the course and scope of his Federal employment, when the acts alleged in the Plaintiffs' Complaint occurred, has not been substantively rebutted, the evidence on the issue of course and scope is conclusive, "and the scope of employment question is determined as a matter of law." Hentges v. Thomford, supra at 427.

2.   Legal Analysis.   As a threshold consideration, since the Certification of the United States Attorney has gone unrebutted, we conclude, as a

- 8 -

matter of law, that Saba was acting in the course and scope of his employment, when he is alleged to have committed the acts, or omissions, which are asserted in the Plaintiffs' Complaint, and therefore, pursuant to Section 2679(d)(2), the United States should be substituted for Saba as a Defendant in this matter.

      B.     <u>The Defendant's Motion to Dismiss</u>.

      1.     <u>Standard of Review</u>.  Title 28 U.S.C. §2675 provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury * * * caused by the negligent and wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  See also, <u>Manko v. United States</u>, 830 F.2d 831, 840 (8th Cir. 1987); <u>Duncan v. Dept. of Labor</u>, 313 F.3d 445, 447 (8th Cir. 2002).  "[T]here can be no question but that the filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the Government for damages arising from a tortious occurrence."  <u>Meeker v. United States</u>, 435 F.2d 1219, 1220 (8th Cir. 1970).

Moreover, as our Court of Appeals recently held, in <u>Shugard Storage Centers v. Lipton-U. City, LLC</u>, 394 F.3d 1041, 1046 (8th Cir. 2005), quoting <u>Interstate Power</u>

Co. v. Kansas City Power & Light Co., 992 F.2d 804, 806-07 (8th Cir. 1993), citing

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 10 (1980):

> Rule 54(b), Federal Rules of Civil Procedure, permits:
>
> the district court to 'direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is 'no just reason for delay.'   In determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals.   Applying the abuse of discretion standard of review, * * * [this court] largely defers to the district court's weighing of the equities."

Certifications "'under Rule 54(b) should neither be granted routinely nor as an accommodation to counsel.'"   Guerrero v. J.W. Hutton, Inc., 458 F.3d 830, 833 (8th Cir. 2006), quoting Hardie v. Cotter & Co., 819 F.2d 181, 182 (8th Cir. 1987)[citation omitted].   Rather, the Court should grant the Rule 54(b) Certification only if there exists "some danger of hardship or injustice through delay which could be alleviated by immediate appeal."   Burlington N. R.R. Co. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985).

      2.    Legal Analysis.   Saba argues that the Plaintiffs' claims against the United States, as the substituted Defendant, should be dismissed because the Plaintiffs

have failed to exhaust their administrative remedies.  Saba has submitted an Affidavit

which attests to the fact that the Plaintiffs have failed to file an administrative claim for

their alleged injuries, see, <u>Declaration of Jerome L. Tiller</u>, <u>Docket No. 12</u>, and that

attestation has not been controverted by any evidence, let alone competent evidence.

We find that the failure of the Plaintiffs to exhaust their administrative remedies, prior

to commencing this suit deprives this Court of subject matter jurisdiction over the

claims formerly alleged against Saba, and now alleged against the United States.

Accordingly, we are obligated to recommend that the claims against the United States

be dismissed without prejudice.

      C.    <u>The State Law Claims</u>.  As our Court of Appeals recently explained, in

<u>Gilson v. Weber</u>, 433 F.3d 642, 647 (8th Cir. 2006):

> Under 28 U.S.C. §1367(c)(3), a court may "decline to
> exercise supplemental jurisdiction over a claim * * * [if] the
> district court has dismissed all claims over which it has
> original jurisdiction."  Congress unambiguously gave district
> courts discretion in 28 U.S.C. §1367(c) to dismiss
> supplemental state law claims when all federal claims have
> been dismissed, and there is no basis to find an abuse of
> discretion here.  See Labickas v. Arkansas State University,
> 78 F.3d 333, 334 (8th Cir. 1996); McLaurin v. Prater, CO-1,
> 30 F.3d 982, 985 (8th Cir. 1994).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Barstad v. Murray County, 420 F.3d 880, 888 (8th Cir. 2005), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Here, since we have recommended the dismissal of the Plaintiffs' claims against Saba, we further recommend that the District Court decline to exercise supplemental jurisdiction over the Plaintiffs' purely State law claims against Olds.  This case was removed to this Court by the Defendants, based upon the Federal law claims, and the Complaint contains no showing that other Federal law claims are implicated, or that the requisites of diversity citizenship, either in jurisdictional amount, or in State residencies, would properly vest this Court with Federal subject matter jurisdiction following the dismissal of the United States.  Therefore, this action should be remanded to the Minnesota District Court for the Ninth Judicial District, at Cass County, Minnesota, in order to resolve any remaining State law claims.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Defendant's Motion to Substitute and Dismiss [Docket No. 9] be granted.

2.     That the Plaintiffs' remaining claims against the Defendant Roger Olds be remanded to the Minnesota District Court for the Ninth Judicial District, at Cass County, Minnesota, from which it was removed.

Dated:  June 21, 2007                                 s/Raymond L. Erickson
                                                      Raymond L. Erickson
                                                      CHIEF U.S.  MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **July 10, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

- 13 -

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **July 10, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.